Green, Judge,
delivered the opinion of the court:
On the former trial of this case only a memorandum opinion was filed stating that the facts in the case were “similar” to the case of Farmers Cooperative Company of *179 Wahoo, Nebraska v. United States, No. 42067, which was submitted at the same time and that following the rule laid down therein the case now before the court should also be dismissed.
Plaintiff asks for a new trial contending that the facts in the instant case differed materially from those in the Wahoo case, supra, and that a different rule should be applied. Plaintiff, however, takes no exception to the findings of fact which the court made but argues that they show that it is entitled to exemption from tax under the statute.
Upon reexamination of the findings in the two cases, it appears that while the facts are not exactly similar, those of the case at bar do not differ materially from the facts found in the Wahoo case. In the last named case up until 1920 (a period not involved) the plaintiff had paid patronage dividends to its stockholder patrons but none to nonmembers. Since 1920 no patronage dividends were paid to either class but its bylaws were such that under no circumstances could the nonmembers receive any dividends out of the profits which had been derived by the company.
In the case at bar, the plaintiff paid no patronage dividends to either class of its members but did pay its indebtedness out of the profits derived; also interest dividends on the stock as provided by its bylaws. The remainder of the profits went into a moderate surplus. None of these matters would, under the statute, prevent its being entitled to the exemption but the plaintiff’s bylaws provide, as shown in Finding 3, that after 2 per cent had been set aside as a sinking fund and 8 per cent paid on the capital stock, the remainder of the net earnings should be divided pro rata among those customers who were “Union members,” that is, members of the association, and under this provision no one who was not a member could receive anything out of the profits of the company. There is another provision of the bylaws with reference to the dividends but it does not change the effect of the provision first referred to. It reads as follows:
(d) The dividends of non-stockholders eligible for membership and stockholders who have not fully paid *180 for at least one share of stock shall be held by the Association as a payment on a share of stock until one share is fully paid. If such non-stockholder shall neglect to comply with the requirements for membership within thirty days after declaration of this dividend, such dividend shall revert to the surplus fund of the Association.
Under this provision a nonmember would have to become a member and a stockholder before he could receive any dividends. In the final analysis we have the same situation that was found in the Wahoo case. Where one who is not a stockholder or a member is obliged to become a stockholder and a member in order to share in the profits of the association, we think it is obvious that the members and the nonmembers are not treated with that equality which is required in order that the association be entitled to the exemption. As was said in the case of Farmers Union Co-op. Co. v. Commissioner, 90 Fed. (2d) 488, 493, the bylaws of plaintiff “effectively prevented petitioner from according to nonmember patrons the treatment required” by the Federal statute, as “nonmember patrons were wholly excluded from any possible participation.”
Following the rule laid down in the case last cited, the motion for new trial must be overruled. It is so ordered.
Whauet, Judge; Williams, Judge; Littleton, Judge; and Booth, Chief Justice, concur.